FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 0 1 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NIGHTRISSA CROSBY,

                        Plaintiff,

-against-

HOMEOWNER ASSISTANCE SERVICES
OF NEW YORK,

                        Defendant.
------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-3459 (SLT) (LB)

**TOWNES, United States District Judge:**

Plaintiff Nightrissa Crosby, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, alleging that she was sexually harassed by her supervisor during the two and one-half months that she worked as a telemarketer for defendant Homeowner Assistance Services of New York. Although defendant was served with a summons and complaint on July 15, 2014, and although Magistrate Judge Bloom *sua sponte* extended defendant's time to answer to September 2, 2014, defendant did not answer or otherwise respond to plaintiff's complaint by that deadline. On September 3, 2014, plaintiff requested a certificate of default and moved for a default judgment.

After the Clerk of Court entered a default, the Court referred plaintiff's motion for a default judgment to Judge Bloom. On February 18, 2015, Judge Bloom issued a report and recommendation (the "R&R"), recommending that plaintiff's motion for a default judgment be granted and that damages be awarded in an amount to be determined at an inquest. Judge Bloom also stated that, if the R&R was adopted, she would schedule and conduct the inquest. R&R, p.8.

The R&R advised defendant that it had fourteen days from service of the R&R in which to file written objections, and that "[f]ailure to file a timely objection ... generally waives any

further judicial review." *Id.* (citing cases). Plaintiff served the R&R on defendant via certified mail on February 23, 2015. To date, no objections have been received from defendant.

A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Bloom's Report and Recommendation dated February 18, 2015, is adopted in its entirety. Plaintiff's motion for a default judgment is granted and this matter is respectfully referred to Magistrate Judge Bloom to conduct an inquest to determine the amount of damages to be awarded in the Court's default judgment.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 29, 2015
Brooklyn, New York

2